

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-27-2008

# In Re: Fields

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3942

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"In Re: Fields " (2008). *2008 Decisions.* Paper 971.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/971

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No.  06-3942
_____

IN RE:

MARGARET FIELDS,

Debtor,


MARGARET FIELDS,

Appellant,

v.

OPTION ONE MORTGAGE CORPORATION;
DAMON CARPITELLA,
d/b/a Common Mortgage Services,
d/b/a Common Mortgage Services, Inc.,
d/b/a Common Mortgage Company,

Appellee.

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
D. C. No. 06-cv-01753
District Court Judge: Honorable Harvey Bartle, III

_____

Argued March 6, 2008
Before: BARRY, JORDAN, and HARDIMAN, *Circuit Judges*.

(Filed: June 27, 2008)

David A. Scholl (Argued)
Regional Bankruptcy Center of Southeastern PA
6 St. Albans Avenue
Newtown Square, PA 19073-0000
    *Attorneys for Appellant Margaret Fields*

Irwin Trauss (Argued)
Philadelphia Legal Assistance
1424 Chestnut Street
2nd Floor
Philadelphia, PA 19102-0000
    *Attorneys for Amicus Curiae Philadelphia Unemployment Project*

Earl M. Forte, III (Argued)
Blank Rome
130 North 18th Street
One Logan Square
Philadelphia, PA 19103-0000
    *Attorneys for Appellee Option One Mortgage Corporation*

_____

OPINION OF THE COURT
_____

HARDIMAN, *Circuit Judge*.

Margaret Fields filed this appeal from the District Court's order affirming the Bankruptcy Court in a case arising under the Truth in Lending Act (TILA), 15 U.S.C. § 1601 *et seq.*, as amended by the Home Ownership Equity Protection Act of 1994 (HOEPA). After an adversary proceeding, the Bankruptcy Court held that Fields did not prove that her lender, Option One Mortgage Corporation (Option One), violated TILA or HOEPA. We have jurisdiction pursuant to 28 U.S.C. §§ 158(d) and 1291.

2

I.

Fields borrowed $83,000 from Option One to refinance two outstanding mortgages on her Philadelphia home. Soon thereafter, she defaulted on the loan, filed a petition under Chapter 13 of the Bankruptcy Code, and brought an adversary proceeding in the Bankruptcy Court seeking to rescind the loan. In support of her claim, Fields alleged that the amount she paid for title insurance was unreasonable because she was charged the "basic rate" of $756.75 instead of the "refinance rate" of $544.86.[1] Although this difference may appear insignificant, it is in fact critical because the accuracy of the charge dictates whether Fields's loan is subject to certain disclosure requirements set forth in HOEPA.[2] As Option One concedes that it did not make these disclosures, Fields

---

[1] The parties agreed before the Bankruptcy Court that the amount Fields should have paid for title insurance should be calculated using the Manual of the Title Insurance Rating Bureau of Pennsylvania. Thus, whether sums other than those specified in the Manual might be deemed 'reasonable' is not before us. As of January 2002, the Manual specified that the "basic" title insurance rate for a loan of $83,000 was $756.75. Under section 5.3 of the Manual, a "reissue" rate of ninety percent of the basic rate applies if the real property had been "insured 10 years immediately prior to the date the insured transaction closes" and if "evidence of the earlier policy is produced notwithstanding the amount of coverage provided by the prior policy." Under section 5.6 of the Manual, a "refinance" rate of eighty percent of the reissue rate (or $544.86 in this case) applies if three requirements are met: (1) "a refinance or substitution loan is made within 3 years from the date of closing of a previously insured mortgage"; (2) "the premises to be insured are identical to or part of the real property previously insured"; and (3) "there has been no change in the fee simple ownership."

[2] Under HOEPA, a lender must meet certain disclosure requirements if "the total points and fees payable by the consumer at or before closing will exceed the greater of (i) 8 percent of the total loan amount or (ii) $400." 15 U.S.C. § 1602(aa)(1)(B). It is undisputed that if the $211.89 difference between the basic rate and the refinance rate is deemed unreasonable, the points and fees will exceed 8% of the loan amount and

3

will be entitled to rescind the loan under HOEPA if she can show that she met the requirements for refinance rate eligibility set forth in section 5.6 of the Manual of the Title Insurance Rating Bureau of Pennsylvania.

Because of Fields's age and infirmity, no witnesses were called during the adversary proceeding before the Bankruptcy Court. Instead, the parties presented a joint stipulation of facts which indicated that Fields had purchased title insurance on both of her prior mortgages and that she was charged the basic rate of $756.75 in the transaction at issue. However, the stipulation did not specify whether the insured premises were "identical to or part of the real property previously insured" or whether there had been "no change in the fee simple ownership" of the property, as required by section 5.6 of the Manual. On the basis of the stipulation, Fields claimed that she was entitled to the refinance rate and that HOEPA's disclosure requirements applied to her loan.

The Bankruptcy Court rejected this claim, finding that Fields did not provide sufficient evidence that Option One knew or should have known that she qualified for the refinance rate at the time of the loan's closing. In so holding, the Bankruptcy Court indicated that Fields had not only failed to provide Option One with evidence of her prior title insurance policies, but had also failed to show Option One that she met the remaining requirements of section 5.6, *viz.,* that the premises were identical to or part of the previously insured property, and that there had been no change in fee simple ownership.

HOEPA's disclosure requirements will apply.

4

The District Court affirmed, holding that the Bankruptcy Court did not clearly err in finding that there was insufficient evidence that Option One knew or should have known that Fields qualified for the refinance rate. The District Court reasoned that because "Fields did not produce 'evidence of the earlier policy' at the time of the closing . . . Option One was not required to give Fields the 'reissue' rate or the further reduced 'refinance' rate."

## II.

Fields does not challenge the Bankruptcy Court's factual finding that she failed to provide Option One with evidence of her earlier title insurance policies at the loan closing. Rather, she argues that the Bankruptcy Court and the District Court erred in imposing this evidentiary burden upon her because it is neither present in section 5.6 of the Manual nor supported by existing caselaw. We have not decided this issue in a precedential opinion, and we note that *Ricciardi v. Ameriquest Mortgage Co.*, 164 Fed.Appx. 221, 2006 WL 120234 (3d Cir. 2006), cited by the Bankruptcy Court and District Court and relied upon by Option One, is a not-precedential opinion in which the section 5.3 evidentiary requirement was imposed to establish entitlement to a refinance rate under section 5.6, which is silent on that score.[3]

---

[3] We note that the Manual was revised in 2005 to include section 2.8, which states that "[s]ections 5.3, 5.4, and 5.6 of this Manual provide that reduced rates are applicable when evidence of previous insurance is provided within a specified period of time."

We need not reach the issue here. As noted previously, section 5.6 sets forth three requirements for refinance rate eligibility: (1) "a refinance or substitution loan is made within 3 years from the date of closing of a previously insured mortgage"; (2) "the premises to be insured are identical to or part of the real property previously insured"; and (3) "there has been no change in the fee simple ownership." Here, the parties stipulated that Fields had purchased title insurance on both of her prior mortgages, thus satisfying the first requirement. The stipulation is silent as to the other two requirements, however. At oral argument, counsel for Fields invited us to presume that the insured premises were "identical to or part of the real property previously insured" and that there had been "no change in the fee simple ownership" of the property. Because a plaintiff must prove all of the elements of her cause of action, we cannot reverse the judgment of the District Court based on such presumptions, however reasonable they may be.

In sum, because the record reflects that Fields failed to prove two of the three elements of her cause of action, we will affirm.